# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VANCE Z. DAVIS,

    Petitioner,

v.                                     Civil No. 98-1144 MV/WWD

JOE WILLIAMS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed September 18, 1998. Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis.* He is confined pursuant to the judgment, sentence and commitment of the Eleventh Judicial District in the Court of McKinley County.

    2.  Davis alleges a violation of the Double Jeopardy Clause based on the allegation that he was sentenced to serve a basic sentence of 18 months twice, and also that his parole was revoked following a habitual offender proceeding.

    3.  On March 15, 1996, Petitioner was sentenced to 18 months on the conviction of distribution of marijuana, and for a probation violation, followed by one year of parole. Resp Ex. B, Judgment and Sentence. He was released after serving the basic 18 month sentence. Four days after his discharge, but while still on parole, he was arrested and returned to prison following habitual offender proceedings. Resp. Ex. C. On October 10, 1996, an Amended Judgment and Sentence was entered, increasing his sentence by four years based on prior convictions in Illinois

for criminal sexual assault and possession of controlled substances. Resp. Ex. A.

4. Although Davis's sentence was increased by an additional four years as a result of habitual offender proceedings, there is no factual basis to Davis' contention that he is being required to serve a *second* 18-month sentence. This finding is borne out by the clear language of the relevant documents as well as Respondent's stipulations.[1] It seems that Petitioner is under a misconception regarding the purpose of the Amended Judgment and Sentence, which serves to supersede the Judgment and Sentence entered on March 15, 1996.[2]

5. Petitioner's rights under the Double Jeopardy Clause have not been violated because he is not being required to serve the basic 18-month sentence a second time. The Amended Judgment and Sentence imposes an increased sentence based on Davis' habitual offender status. However, it includes full credit not only for the basic sentence served, but also for other time served.

6. Moreover, the Department of Corrections carried forward all good time and sentencing credits Davis earned on the basic sentence. Ex. D. The Amended Judgment and Sentence reflects a time credit for 308 days, while the original Judgment and Sentence gave Davis credit for 109 days. Respondent states that all this has been explained to Petitioner, but that "he simply refuses to acknowledge these facts."

7. In his Petition, Davis further contends that he "did not commit any other crime or

---

[1] In fact, Respondent states that Davis' projected discharge date is sometime in December 1998.

[2] For example, in his response to the Answer, Petitioner insists that the Amended Judgment and Sentence should state only that Petitioner "is to be returned to the Department of [C]orrections for a term of Four Years." Davis interprets the fact that it states the sentence to be a term of 18 months to mean that he is required to serve an additional 18 months, thereby violating Double Jeopardy.

offense to warrant his parole being revoked." Although not framed as a due process violation, I liberally construe it as such. However, the claim has no merit. The sentencing court had jurisdiction to enhance Davis' sentence because it was carried out prior to the expiration of his parole. See State v. Roybal, 120 N.M. 507, 903 P.2d 249 (Ct. App. 1995) (because parole term is part of a sentence for purposes of a court's sentencing authority, trial court had jurisdiction to enhance defendant's sentence as an habitual offender).

8. In sum, I find that Petitioner's rights under the Fifth Amendment prohibiting Double Jeopardy were not violated, and that an imposition of an sentencing enhancement did not violate his due process rights under the Fourteenth Amendment.

## Recommendation

I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this cause be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE